UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DARRICK LEE SIDES,**

                          **Plaintiff,**

  vs.                                              9:15-CV-1203
                                                          (MAD/CFH)

**DOCTOR PAOLANO,** *Coxsackie Medical Unit, individually and officially*; **DOCTOR JON MILLER,** *Coxsackie Medical Unit, individually and officially*; **P. SNYDER,** *Nurse, Coxsackie Medical Unit, individually and officially*; **and P. SCHMIDT,** *Nurse, Coxsackie Medical Unit, individually and officially*,

                          **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**DARRICK LEE SIDES**
**96-A-5286**
Groveland Correctional Facility
7000 Sonyea, New York 14556
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **CHRISTOPHER J. HUMMEL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, an inmate who was at all relevant times in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action on October 5, 2015, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *See* Dkt. No. 1.

On March 1, 2017, Defendants moved for summary judgment, arguing that Plaintiff's claims were barred by the statute of limitations, or, in the alternative, that Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 40. On January 8, 2018, Magistrate Judge Hummel issued a Report-Recommendation and Order recommending that the Court grant Defendants' motion for summary judgment, finding that Plaintiff's claims were time barred. *See* Dkt. No. 48. Magistrate Judge Hummel concluded that, for the purposes of the statute of limitations, the complaint was filed on October 5, 2015, and that Plaintiff did not present any evidence establishing that he was entitled to the benefit of the continuing violation doctrine or equitable tolling. *See id.* at 14-18. On March 29, 2018, the Court adopted Magistrate Judge Hummel's Report-Recommendation and Order and dismissed this action. *See* Dkt. No. 50.

On November 13, 2019, the Second Circuit reversed the dismissal order and remanded the action, holding that "[t]he District Court has not yet ruled ... on the argument that Sides emphasizes on appeal: whether Sides's inability to access notary services during the eight days between September 21 and 29 entitles him to equitable tolling." Dkt. No. 56 at 4. In remanding the case, the Second Circuit invited the Court to address Defendants' claims of "qualified immunity and Sides's failure in conflict with the Prison Litigation Reform Act ... to exhaust administrative remedies" and "other defenses." *Id.* at 5.

Upon remand, the parties submitted additional briefing on the issues identified by the Second Circuit. On June 3, 2020, Magistrate Judge Hummel issued a Report-Recommendation and Order recommending that the Court grant Defendants' renewed motion for summary judgment. *See* Dkt. No. 68. Specifically, Magistrate Judge Hummel found that the three-year limitations period began to run on September 28, 2012 and that Plaintiff's complaint, which was filed "no earlier than October 1, 2015" was untimely. *See id.* at 9. Further, Magistrate Judge

Hummel found that Plaintiff was not entitled to equitable tolling because his complaint did not need to be notarized, which allegedly caused some of his delay, and because he failed demonstrate that he otherwise acted with diligence in bringing this action. *See id.* at 10-13. Even assuming that Plaintiff had timely filed this action, Magistrate Judge Hummel further recommended that the Court find that Plaintiff failed to exhaust his available administrative remedies. *See id.* at 13-22. Magistrate Judge Hummel further found that, even assuming the complaint was timely and not barred by Plaintiff's failure to exhaust, Defendants are nevertheless entitled to summary judgment on the merits. *See id.* at 22-33. Specifically, Magistrate Judge Hummel found that the record demonstrates that Defendants provided Plaintiff with consistent and reasonable care in response to his complaints and that Plaintiff failed to establish that Defendant knew of and disregarded an "excessive risk" to his health. *See id.* Finally, Magistrate Judge Hummel recommended that the Court *sua sponte* dismiss the case against Defendant Snyder since he was never served with process. *See id.* at 34-35.

  Currently before the Court are Magistrate Judge Hummel's June 3, 2020 Report-Recommendation and Order and Plaintiff's objections thereto.[1] When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and

---

[1] For a complete recitation of the relevant background facts, the Court refers the parties to the June 3, 2020 Report-Recommendation and Order.

3

footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and, based on the undisputed facts, judgment for the movant is warranted as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Having carefully reviewed the June 3, 2020 Report-Recommendation and Order, the Court finds that Magistrate Judge Hummel correctly determined that Defendants' motion for summary judgment should be granted. In his objections, Plaintiff first argues that Magistrate Judge Hummel "incorrectly concluded 'Sides' inability to timely obtain a notary for his complaint does not warrant the "extraordinary measure" of equitable tolling'" and that this decision is "clearly against the instructions" of the Second Circuit that the temporary unavailability of notary services entitles him to equitable tolling. *See* Dkt. No. 69 at 8-9. Contrary to Plaintiff's assertions, the Second Circuit did not direct this Court that the temporary unavailability of notary services entitled Plaintiff to equitable tolling. Rather, the Second Circuit remanded the matter to this Court to determine, in the first instance, whether equitable tolling should apply. Magistrate Judge Hummel correctly determined neither the Federal Rules of Civil Procedure nor the Local Rules of the Northern District of New York require complaints to be notarized. Moreover, to the extent that Plaintiff moved for preliminary injunctive relief, there is no requirement that such motions be

filed simultaneously with the complaint. As such, the Court finds that Magistrate Judge Hummel correctly determined that Plaintiff has not presented the Court with a "rare and exceptional circumstance" warranting the application of equitable tolling. *See Johnson v. Arnone*, No. 3:15-cv-532, 2015 WL 9451029, *1 (D. Conn. Dec. 23, 2015) (rejecting the inmate's tolling argument based on his inability to have the complaint notarized for six days). Additionally, to receive the benefit of tolling, Plaintiff was required to demonstrate that he pursued this action with the appropriate amount of diligence, which is clearly lacking in the present matter. *See Lyons v. Emerick*, 187 Fed. Appx. 219, 221-22 (3d Cir. 2006) (concluding that the plaintiff did not act with "reasonable diligence" because he had two years to file his complaint but "waited until the last minute when his schedule was derailed by a delay for the paperwork necessary to file his complaint *in forma pauperis*"); *Torres v. Droun*, No. 3:01-cv-1844, 2004 WL 721729, *5 (D. Conn. Mar. 30, 2004) (rejecting claim of equitable tolling due to alleged delays by prison officials in providing the plaintiff with a trust account statement). As such, Plaintiff's complaint is untimely and Defendants are entitled to summary judgment.

      Even assuming that Plaintiff was entitled to equitable tolling, Magistrate Judge Hummel correctly determined that Plaintiff failed to exhaust his available administrative remedies. In his objections, Plaintiff contends that Magistrate Judge Hummel "failed to consider the policy 'exception' that the IGP supervisor can deem 'any grievance of an emergency nature directly to the appropriate response level' thereby bypassing the three step process for a[n] immediate resolution." Dkt. No. 69 at 11. As such, Plaintiff claims that administrative remedies were unavailable to him. *See id.* Contrary to Plaintiff's contentions, Magistrate Judge Hummel did specifically consider Plaintiff's argument that his grievance was an "emergency grievance," and rejected the argument. *See* Dkt. No. 68 at 19-20. The issue that Plaintiff faces is not whether or

not the grievance was of an emergency nature; rather, the issue is that there is no record of Plaintiff having filed a grievance in August of 2012 regarding his medical care. Plaintiff was unable to produce a copy of the grievance and failed to submit any evidence related to how he submitted it or to whom he gave the grievance for mailing or filing. *See id.* at 20-21. Without competent, admissible evidence supporting Plaintiff's claim that he filed a grievance in August 2012, or any specific facts surrounding the grievance or the outcome, Plaintiff's wholly conclusory assertions that administrative remedies were unavailable are insufficient to overcome Defendants' motion for summary judgment. *See Grayson v. Courtney*, No. 9:16-cv-1118, 2018 WL 6933296, *6 (N.D.N.Y. Dec. 3, 2018) (holding that, due to "the complete lack of corroboration" of the plaintiff having filed a grievance, "no rational fact finder could conclude that plaintiff actually attempted to file such a grievance") (collecting cases). As such, the Court finds that Defendants are entitled to summary judgment on this alternative ground.

      The Court further finds that Magistrate Judge Hummel correctly determined that, even assuming that Plaintiff's complaint was timely and that he exhausted his administrative remedies, Defendants are nevertheless entitled to summary judgment on the merits of Plaintiff's Eighth Amendment deliberate indifference claim. Construing the complaint liberally, Plaintiff alleges that Defendants were deliberately indifferent for failing to refer him to a specialist prior to July 31, 2012, and that Defendants violated his Eighth Amendment rights because they failed to implement Dr. Conete's recommendation and delayed surgery from July 31, 2012 until October 4, 2012, allowing his condition to worsen. *See* Dkt. No. 40-8 at 14. As Magistrate Judge Hummel noted, Plaintiff concedes that from 2009 until September 2012, he was treated twenty times at Coxsackie C.F. for rectal bleeding and related symptoms. *See* Dkt. No. 43-1 at 23; Dkt. No. 43-3 at ¶ 7. During this time, the record demonstrates that his condition responded to the treatment

provided. For example, in October 2011, Defendant Paolano prescribed Plaintiff Metamucil, Ibuprofen, a suppository, and an ointment. *See* Dkt. No. 40-5 at ¶ 7; Dkt. No. 41 at 102-04. From October 2011 until April 2012, Plaintiff accepted the medications without complaint. Further, during this time Plaintiff did not request additional medical treatment or make any complaints during this time that his symptoms were worsening. In July 2012, Plaintiff informed his medical providers that he stopped taking his suppository "two weeks ago as he believes they made him bleed more." Dkt. No. 41 at 85. At that time, Defendant Paolano concluded that Plaintiff was not responding to the treatment and referred him to a specialist. *See id.* at 84; Dkt. No. 40-5 at ¶ 7. Although Plaintiff might disagree with the treatment provided to him, the record is clear that Defendants provided him with consistent and reasonable care in response to his complaints. Further, even assuming that Defendants' continuing treatment of Plaintiff's hemorrhoids with medications and ointments, rather than immediately referring him to a specialist, caused him unintended harm, negligence is not actionable under Section 1983. *See Burroughs v. Petrone*, 138 F. Supp. 3d 182, 211 (N.D.N.Y. 2015) (quotation omitted).

Additionally, the record also makes clear that, when Plaintiff's condition began to worsen in September 2012, more drastic medical intervention was immediately undertaken by Defendants. Specifically, on September 25, 2012, Defendant Paolano met with Plaintiff to discuss blood work after it was determined that Plaintiff was anemic. *See* Dkt. No. 40-5 at ¶ 16; Dkt. No. 71 at 23. Based on the results of the blood work, Defendant Paolano ordered additional blood work for Plaintiff to be completed on the next available day. On September 28, 2012, Defendant Miller reviewed the results of the blood work and referred Plaintiff to Albany Medical Center for further medical attention. *See* Dkt. No. 40-6 at ¶ 24. Later that day, Plaintiff was admitted to Albany Medical Center and received a blood transfusion and underwent a

8

colonoscopy to evaluate his hemorrhoids. *See* Dkt. No. 40-6 at ¶ 25. The colonoscopy revealed stage III hemorrhoids and, as a result, medical staff at Albany Medical Center deemed a hemorrhoidectomy medically necessary. *See id.* Plaintiff underwent the hemorrhoidectomy on October 4, 2012, and was returned to Coxsackie C.F. on October 6, 2012, where he was housed in the infirmary. *See id.*; *see also* Dkt. No. 40-5 at ¶ 20. On October 9, 2012, Plaintiff denied experiencing any rectal bleeding and was discharged from the infirmary.

      As the record in the present matter makes clear, Plaintiff was provided with consistent medical care that, when it became clear that the conservative course of treatment was no longer working, he was referred to a surgeon for treatment. At best, the record before the Court demonstrates that Plaintiff may have disagreed with the course of treatment Defendants provided. There is no evidence before the Court that Defendants ever ignored Plaintiff's complaints of pain or that Defendants were unresponsive when Plaintiff's condition deteriorated. *See Castillo v. Rodas*, No. 09-cv-9919, 2014 WL 1257274, *10 (S.D.N.Y. Mar. 25, 2014). Accordingly, the Court finds that Defendants are entitled to summary judgment on this alternative ground.

      Finally, the Court finds that Magistrate Judge Hummel correctly determined that Defendant Snyder should be dismissed from this action because he has not been served with process. Where a defendant has not been served with process within 120 days after the complaint is filed, the Court must, on motion or *sua sponte* after notifying the plaintiff, dismiss the complaint without prejudice as to that defendant or "order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, more than four years have passed since Plaintiff filed his complaint. Plaintiff has failed to address this issue in either his response to the motion for summary judgment or in his objections to the Report-Recommendation and Order. As such, he

9

has failed to establish good cause for his service failure and dismissal of the case as to Defendant Snyder is appropriate.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 68) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 40) is **GRANTED**; and the Court further

**ORDERS** that Defendant Snyder is **DISMISSED** *sua sponte* in light of Plaintiff's failure to serve him with process; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 14, 2020
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

10